```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                         ALEXANDRIA DIVISION


CHERYL FRANKLIN                      CIVIL ACTION NO. 06-1303

VERSUS
                                     DISTRICT JUDGE DEE D. DRELL

METROPOLITAN LIFE
    INSURANCE COMPANY
                                     U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

### REPORT AND RECOMMENDATION

This Employee Retirement Income Security Act ("ERISA") case, 29 U.S.C. 1001 et seq., is referred to me by the district judge for Report and Recommendation. The case is ready for decision on briefs on the merits in accordance with the ERISA Case Order.

### Facts

The claimant is Cheryl Franklin who sues for accidental death benefits as a result of the death of her husband, Joseph Franklin. Mr. Franklin was bush-hogging on a tractor on July 3, 2005 when he was stung by an insect thought to have been a bee or wasp and died as a result of anaphylactic shock. Metropolitan paid death benefits of $95,000 under a policy it issued to Mr. Franklin's employer and regarding which it serves as administrator. However, Metropolitan refused to pay accidental death (double indemnity) benefits citing language in its policy.

Mrs. Franklin filed an application for accidental death benefits under the Plan which was denied by Metropolitan. The basis for denial was that Mr. Franklin's death was not acccidental within the meaning of the policy because it was caused or contributed to by factors other than the insect sting, i.e. by the underlying allergy which predisposed Franklin to anaphylactic shock. AR 77-78

## **Standard of Review**

In accordance with this court's standing ERISA Case Order, the parties agree that the Group Long Term Disability Plan issued by defendant, Metropolitan, is an employee welfare benefit plan, as defined by the provisions of ERISA, and that this case is governed by ERISA and that all state law claims are preempted. The parties also have stipulated that the Plan provides the administrator with discretionary authority to interpret the provisions of the Plan and to make findings of fact and determine eligibility for benefits. Doc. #22-3  Both Claimant and Defendant agree that the administrative record is complete. However, because the administrator of the plan is conflicted, the court will give a modicum less deference to the administrator's decision. <u>Vega v. National Life Insurance Services, Inc.</u>, 188 F.3d 287, 299 (5th Cir. 1999).

**The Plan**

The Plan provides:

If You or a Dependent sustain an accidental injury that is the Direct and Sole Cause of a Covered Loss described in the SCHEDULE OF BENEFITS, Proof of the accidental injury and Covered Loss must be sent to Us. * * *

Direct and Sole Cause means that the Covered Loss occurs within 12 months of the date of the accidental injury and was a direct result of the accidental injury, independent of other causes. AR 57

The policy further provides an exclusion as follows:

We will not pay benefits under this section for any loss caused or contributed to by:

1. physical or mental illness or infirmity, or the diagnosis or treatment of such illness or infirmity

**Analysis**

It is undisputed that the insect sting was the precipitating cause of Mr. Franklin's death and that, without the sting, he would not have died. Claimant argues that Franklin had no known history of allergy to insect bites and that, despite the now known preexisting condition, it was the bite that caused his death, not the preexisting condition.

Metropolitan argues that Franklin's death was not the result of ana accident independent of other causes and that, in any event, it is excluded by the policy as having been caused or contributed to by physical illness or infirmity.

Mr. Franklin's death certificate lists the "immediate cause" of death as anaphylactic shock due to probable insect bite. "Conditions" leading to the immediate cause were obesity and cardiomegaly[1]. AR 224

The autopsy report shows the same diagnoses and lists anaphylactic shock as the cause of death. AR 188

The evidence shows that Mr. Franklin's death caused by an insect sting, though a "direct result of the accidental injury", was not "independent of other causes". Rather, as the evidence proves, the death was caused by anaphylactic shock which is an allergic reaction, often due to underlying heart disease.[2] AR 80-147 In addition, the claim is excluded by the terms of the policy, for it was caused or contributed to by illness or infirmity, i.e. allergy and heart disease. See Southern Farm Bureau v. Moore, 993 F.2d 98 (5th Cir. 1993); Sekel v. v. Aetna Life Ins. Co., 704 F.2d 1335 (5th Cir. 1983). Claimant's attempts to distinguish Sekel are not compelling.

---

[1] Cardiomegaly is the condition of having an enlarged heart. See www.Medlineplus.gov, a service of the National Library of Medicine and the National Institutes of Health.

[2] See www.Medlineplus.gov, a service of the National Library of Medicine and the National Institutes of Health.

Similarly, claimant's citation of Wells v. Prudential Ins. Co., 142 N.W. 2d 57 (Mich.App. 1966) is unavailing as being inconsistent with the 5th Circuit's holdings cited above.

In <u>Hall v. Metropolitan Life Ins. Co.</u>, 398 F.Supp.2d 494 (W.D.Va. 2005) (on appeal), cited by Metropolitan, the Virginia district court considered an almost identical case involving this insurer. There the court stated that "[w]hether the bee sting itself was an accident under the terms of the policy is irrelevant, however, because Mr. Hall's reaction to it fell within the parameters of the bodily infirmity exclusion."

In this case, the insect sting was not the "direct and sole cause" of Mr. Franklin's death; in addition, the claim is excluded by the policy.

## Conclusion

For the foregoing reasons, the Court finds, after reviewing the record and considering Metropolitan's dual role as insurer and plan administrator, that the decision of the Administrator is supported by substantial and concrete evidence and is not an abuse of discretion, being neither arbitrary nor capricious.

IT IS RECOMMENDED that Administrator's decision be upheld and that the appeal be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 31st day of May, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE